UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

RONALD C. GREENLAND,

                                          Petitioner,

                                                                                       <u>DECISION AND ORDER</u>

                                                                                       08-CV-6273L

                              v.

INS/ICE DEP'T OF HOMELAND SEC.
DISTRICT DIRECTOR,

                                          Respondent.
_____

## INTRODUCTION

Petitioner Ronald Greenland ("petitioner") has filed a petition for a writ of habeas corpus challenging his detention in the custody of the Department of Homeland Security ("DHS"), pending deportation under a final order of removal from the United States. *See* Petition (Dkt. #1). On August 15, 2008, respondent served an answer and memorandum of law in opposition to the petition. (Dkt. #4, #5). Petitioner has moved for summary judgment in his favor (Dkt. #6), and for expedited disposition of his petition (Dkt. #8), and DHS has cross-moved for summary judgment dismissing the petition (Dkt. #7).

For the reasons set forth below, petitioner's motion is denied, summary judgment is granted in favor of DHS, and the petition is dismissed.

**DISCUSSION**

Petitioner has requested release from continued detention in the custody of DHS, on the grounds that he was has been detained without a bond hearing in violation of Immigration and Nationality Act ("INA") §236(c).

Although detention under such circumstances is generally subject to the time limitations imposed by 8 U.S.C. §1231(a) and the applicable case law, on November 19, 2007, a formal stay was placed on petitioner's removal by the Second Circuit Court of Appeals, in connection with a pending action by petitioner.  *See* 8 U.S.C. §1231(a) (imposing 90-day deportation deadline following final order of removal), *modified by Zadvydas v. Davis*, 533 U.S. 678, 701 (2001) (holding that 8 U.S.C. §1231(a) authorizes detention following a final order of removal, for a period reasonably necessary to accomplish removal).  The instant petition was filed on June 23, 2008, at which point petitioner had been in DHS custody for less than three months.

Initially, petitioner's reliance on the procedural safeguards of INA §236(c) is misplaced.  INA §241(a) "governs the detention of aliens following a final order of removal, rather than §236(c), which governs the detention of certain criminal aliens prior to such an order.  Accordingly, '[t]o the extent that [petitioner] previously may have had a cognizable due process argument under §236, that claim has been rendered moot" by the entry of a final order of removal.  *Abimbola v. Ridge*, 181 Fed. Appx. 97, 98 (2d Cir. 2006), *quoting Wang v. Ashcroft*, 320 F.3d 130, 147 (2d Cir. 2003).

 Moreover, to the extent that petitioner claims that his continued detention is unreasonable under INA §241(a), the defendant is prevented from deporting the petitioner solely due to the stays effected by the Second Circuit.  Such stays of removal do not, as a matter of law, automatically

render the petitioner's detention into one of unreasonable length, and petitioner has offered no evidence to support such a conclusion. *See generally Abimbola*, 181 Fed. Appx. 97 at 99 (detention well in excess of six months is reasonable where petitioner has sought and received multiple stays, because "a self-inflicted wound should not establish grounds for [a petitioner's claim of unreasonable detention pursuant to *Zadvydas*]"), *citing Doherty v. Thornburgh*, 943 F.2d 204, 205 (2d Cir. 1991).

I have considered the remainder of petitioner's claims, and find them to be without merit.

## CONCLUSION

For the reasons stated above, petitioner's motion for summary judgment (Dkt. #6) is denied with prejudice, DHS's motion for summary judgment (Dkt. #7) is granted, and the petition is hereby dismissed. Petitioner's motion for expedited disposition of this matter (Dkt. #8) is denied as moot.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
February 24, 2009.